```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re:                                                                    Chapter 11

NORTHERN BOULEVARD AUTOMALL, LLC,                                         Case No. 19-41348-nhl
d/b/a LONG ISLAND CITY VOLKSWAGEN,

                                Debtor.
-----------------------------------------------------------------------X
RICHARD J. MCCORD, ESQ., as Chapter 11 Trustee for
the Estate of NORTHERN BOULEVARD AUTOMALL,
LLC d/b/a LONG ISLAND CITY VOLKSWAGEN,

                                Plaintiff,

        -against-                                                         Adv. Pro. No. 19-1087-nhl

XENEX INC. a/k/a XENEX PAYMENT SYSTEMS,


                                Defendant.
-----------------------------------------------------------------------X
```

**ORDER TO SHOW CAUSE SCHEDULING A HEARING ON PLAINTIFF'S APPLICATION FOR (I) A TEMPORARY RESTRAINING ORDER; (II) A PRELIMINARY INJUNCTION; AND (III) SUCH OTHER AND FURTHER RELIEF AS IS JUST AND PROPER; AND TEMPORARY RESTRAINING ORDER AGAINST XENEX INC a/k/a XENEX PAYMENT SYSTEMS**

Application having been made to this Court by Richard J. McCord, Esq., (the "Trustee"), as chapter 11 trustee of the estate of Northern Boulevard Automall, LLC (the "Debtor"), by his attorneys, Certilman Balin Adler & Hyman, LLP, for an order to show cause and TRO, pursuant to § 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Civ. P. 65, made applicable herein by Fed. R. Bankr. P. 7065, for (i) a temporary restraining order and, (ii) after a hearing, a preliminary injunction, staying Xenex Inc. a/k/a Xenex Payment Systems ("Xenex") and its attorneys, employees, agents, representatives, third party agents, affiliates, subsidiaries, successors, assigns, consultants, and all parties acting in concert with Xenex from

Xenex's cessation of processing of credit cards and debit cards for the Debtor from the Debtor's customers and termination of the MPA (as defined in the Application), and restraining and enjoining the Defendant Xenex and its attorneys, employees, agents, representatives, third party agents, affiliates, subsidiaries, successors, assigns, consultants, and all parties acting in concert with Xenex from attempting to enforce or take any further action to enforce any termination of the MPA, and (iii) for such other, further and different relief as the Court deems just, proper and equitable (the "Application"); and upon the adversary complaint filed on June 27, 2019, and the affirmation of Richard J. McCord, Esq. in support of the Application and all exhibits thereto; and after due consideration and sufficient cause appearing, it is hereby

**ORDERED**, that the **Defendant Xenex Inc. a/k/a Xenex Payment Systems** appear and show cause before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, located at 271-C Cadman Plaza East, Brooklyn, New York 11201 in Courtroom 3577 on **July 2, 2019, at 11:00 a.m.** (the "Hearing"), or as soon thereafter as counsel can be heard, as to why an order should not be issued (a) pursuant to Rule 65 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7065 granting the Trustee a preliminary injunction, staying the cessation of processing of credit cards and debit cards for the Debtor from the Debtor's customers and termination of the MPA (as defined in the Application), and restraining and enjoining the Defendant Xenex from attempting to enforce or take any further action to enforce any termination of the MPA, and (b) for such other, further and different relief as the Court deems just, proper and equitable; and it is further

**ORDERED**, that because the Court cannot hold a hearing on the Trustee's request for a temporary restraining order and preliminary injunction prior to the purported cessation of credit card and debit card processing for the Debtor by Xenex under the MPA and termination of the MPA on June 28, 2019, pending the Hearing, any cessation of credit card and debit card processing

for the Debtor by Xenex under the MPA and termination of the MPA is hereby STAYED, and Xenex and its attorneys, employees, agents, representatives, third party agents, affiliates, subsidiaries, successors, assigns, consultants, and all parties acting in concert with Xenex, attempts to enforce or take any further action to enforce cessation of credit card and debit card processing for the Debtor by Xenex under the MPA and termination of the MPA, be and hereby are TEMPORARILY RESTRAINED AND ENJOINED because cessation of credit card and debit card processing for the Debtor by Xenex under the MPA and termination of the MPA are currently set to occur on June 28, 2019, and cessation of credit card and debit card processing and termination of the MPA will cause irreparable harm to the Debtor by (i) denying the Debtor necessary revenue; (ii) causing the Debtor to go dark if it cannot continue to operate as a result of the decreased revenue, thereby materially breaching its VW dealership agreement with Volkswagen of America, Inc.; and (iii) eliminating the Debtor's "blue sky" value of its dealership which can only be preserved by not going dark through a cessation of operations; and it is further

**ORDERED**, that by no later than **June 27, 2019**, the Trustee shall serve a copy of this Order to Show Cause and Temporary Restraining Order, the Application and all exhibits thereto, and the Complaint filed in this adversary proceeding (i) **via e-mail** to mdorfman@xenexpayments.us and underwriting@xenexpayments.us; and (ii) **via Federal Express priority overnight mail for 10:00 a.m. delivery, e-mail/fax (where known), and CM/ECF**, upon: (a) Xenex Inc. a/k/a Xenex Payment Systems, Attn: Officer, Managing Agent or Agent Authorized to Accept Service; (b) counsel to Volkswagen Credit, Inc.; (c) the Office of the United States Trustee; and (d) any other parties that have filed notices of appearance in the Debtor's case, which shall be deemed good and sufficient notice hereof; and it is further

**ORDERED**, that the Trustee shall file an affidavit of service with the Court attesting to service hereof by June 28, 2019; and it is further

**ORDERED**, that, objections, if any, to the Application may be heard at the Hearing.



Dated: June 27, 2019
Brooklyn, New York

Nancy Hershey Lord
United States Bankruptcy Judge